New Jersey Department of Labor,
Workmen's Compensation Bureau.

MARVIN MAXWELL, PETITIONER, v. RAYMOND WOCH-
NER, INCORPORATED, RESPONDENT.

Decided September 25, 1935.

For the petitioner, *Lewis P. Scott.*

For the respondent, *Thompson & Hanstein* (by *Wilbur C. Bishop*).

\*      \*      \*      \*      \*      \*      \*

The record of this case shows that the petitioner, previous to June 5th, 1934, was employed as an apprentice carpenter by the respondent at a wage of seventeen dollars ($17) per week, the petitioner then being sixteen years of age. At the time of the hearing it was stipulated between counsel for the petitioner and respondent that the petitioner met with an accident arising out of and in the course of his employment, due to which it was necessary to remove the spleen; that the accident occurred June 5th, 1934; that the petitioner received medical aid from the insurance carrier, Maryland Casualty Company, in the sum of five hundred sixty-one dollars and thirty-nine cents ($561.39), and compensation for temporary disability amounting to three hundred thirty-nine dollars and ninety cents ($339.90), the same being the sum of $11.33 a week for a period of thirty weeks.

The only testimony taken at the time of the trial was given by the respondent's doctors, who testified that there was no permanent disability. Petitioner submitted no medical testimony, leaving the estimation of disability to the presiding

referee. The testimony of the respondent's doctors further showed that they were not positive in so far as the function of the spleen was concerned, and that little was definitely known concerning it. Dr. Henry A. Kessler, former medical advisor to the New Jersey workmen's compensation bureau and now medical director of the New Jersey rehabilitation clinic, Newark, New Jersey, in his book entitled "Accidental Injuries" in discussing removal of spleen due to injuries states as follows:

Splenectomy may be followed by a full working capacity without symptoms. However, loss of the spleen is accompanied by more or less propound change in the body economy. The author suggests an estimate of twenty-five per cent. total disability for splenectomy to which should be added increasing amounts if any profound change takes place in the blood picture. Removal of the normal spleen results in:

(a) a polymorphonuclear leukocytosis

(b) a relative lymphocytosis

(c) a temporary anemia, with reduction in the number of red cells and hemoglobin

(d) a hyperplasia of the other elements of the reticuloendothelial system and possibly

(e) an increased susceptibility to infection.

It is, therefore, on this 25th day of September, 1935, ordered that the respondent pay to the petitioner temporary disability as paid, permanent disability ten per cent. total or fifty weeks at eleven dollars and thirty-three cents ($11.33) per week, and counsel fee of one hundred dollars ($100) to be allowed the petitioner's attorney, to be paid by the respondent.

JOHN C. WEGNER,
*Referee.*